[Sac. Nos. 1200, 1201, and 1202.   In Bank.—September 19, 1904.]

DANIEL McCARTY, Appellant and Respondent, v. SOUTH-ERN PACIFIC COMPANY, and CENTRAL PACIFIC COMPANY, Appellants and Respondents; AGNES BURNS, and P. FORD, Executors, etc., Respondents; CITY OF SACRAMENTO, Intervener, Appellant and Respondent.

JUDGMENT QUIETING TITLE—ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL.—Where the defendants have appealed from a judgment quieting title, and the plaintiff has appealed from an order granting a new trial to defendants, if the order granting a new trial is to be sustained, it is useless to consider the appeal from the judgment.

ID.—REVIEW OF EVIDENCE—RAILROAD ON CITY LEVEE—FRANCHISE—PRESCRIPTION—CONFLICTING EVIDENCE—OMISSION TO FIND UPON PLEA OF ESTOPPEL.—Where the land in controversy was a strip comprising a city levee, upon which a railroad was constructed under a city franchise and other claims of title, including prescription, and the evidence showed a long-continued user, and was conflicting as to its adverse and prescriptive character, and as to the purpose for which the railroad was constructed, and there was evidence to show that the railroad companies defendant had expended large sums of money with the knowledge and acquiescence of plaintiff and his predecessors, and the court omitted to find upon their plea of estoppel, the court was justified in granting a new trial.

APPEALS from a judgment of the Superior Court of Sacramento County and a separate appeal by plaintiff from an order granting a new trial. F. B. Ogden, Judge presiding.

The motion for a new trial was noticed only by the railroad companies, defendants; but it is stipulated in the transcript that the bill of exceptions settled on the motion for a new trial shall be available on behalf of the intervener, the city of Sacramento. The intervener's separate appeal from the judgment is on the next Sacramento calendar, and may be heard on its merits, unless meantime it shall be included as a party to the new trial.

Further facts are stated in the opinion of the court.

J. H. McKune, for Daniel McCarty, Appellant and Respondent.

Devlin & Devlin, for Southern Pacific Company and Central Pacific Company, Appellants and Respondents.

S. Luke Howe, and A. A. De Ligne, for Intervener, Appellant and Respondent.

A. L. Shinn, for Agnes Burns and P. Ford, Respondents.

HENSHAW, J.—The action was commenced by plaintiff to quiet his title to a tract of land situated in the county of Sacramento, commonly known as the Norristown tract. So far as the defendants and the intervener, the city of Sacramento, are concerned, the dispute is over a strip of this land one hundred and sixty-five feet wide, running through the tract in a northerly and southerly direction. This strip of land constitutes a part of the levee of the city of Sacramento, and on the levee are, and for many years have been, steam railroad tracks, now controlled and operated by the Southern Pacific Company.

By his action plaintiff sought a judgment that the defendants Southern Pacific Company and Central Pacific Railroad Company have no right of way, easement, or franchise on the levee of the city of Sacramento located on the land, and an injunction enjoining them from operating trains thereon. Many years prior to this the city of Sacramento had granted franchises to the predecessors of defendants to lay tracks and operate trains on the levee, and accordingly the city intervened, contending that it was the owner in fee of the levee and of the strip of land upon which it was built. No controversy arises between the intervener and the defendants. They make common cause against the claims of plaintiff. The trial court gave judgment for the plaintiff, holding that the defendants had no right of way on the levee, and enjoined them from going on it. It further adjudged that the city did not own the fee of the levee and the land on which it was constructed, but had an easement over the land for levee purposes only, which had been acquired by prescription. From this judgment the defendants and intervener appealed. The defendants also moved for a new trial, and their motion was granted. From this order the plaintiff appeals. The situation thus presented is an appeal by defendants from an adverse judgment which has

been vacated by the trial court's order for a new trial, and
an appeal by the plaintiff, in whose favor the judgment ran,
in resistance of the court's order for a new trial.

If the order granting a new trial is to be sustained, it is
wholly inutile to consider the appeal from the judgment, as
upon new trial entirely different findings and conclusions
may be reached.

A brief exposition of the claims of the defendants and in-
tervener will serve to throw light upon the material matters
in dispute. At a very early day, and to protect the city of
Sacramento from flood-waters, a levee was built upon this
land. It was then owned by the predecessors in title of plain-
tiff. The city of Sacramento contends that it acquired
absolute title in fee to the land over which this levee was con-
structed, by condemnation proceedings, by adverse possession
and prescription, by exercise of its police power, and by
estoppel raised against plaintiff to dispute its title. Further,
that if it be not the owner in fee, it still is the owner of a
perpetual easement for levee purposes, and for all uses and
purposes incidental and beneficial thereto, which easement
has the same sources and origin as those just recited touching
the title in fee.

The defendant railroad companies based their right to the use
of the track upon the levee upon a franchise from the board of
supervisors of the city and county of Sacramento, upon a con-
tract and agreement with the board of city levee commissioners,
upon a grant from the legislature of the state of California,
upon a prescriptive right, and by the acquiescence and laches
of plaintiff. It further, and amongst other claims and con-
tentions not here necessary to specify, insists that if the city
of Sacramento be the owner in fee of the strip, or of a per-
petual easement for levee purposes over it, that defendants'
right to operate a track upon the levee cannot be questioned
in an action such as this, where the plaintiff seeks possession;
that defendants are using the easement only, and that, as
plaintiff is not entitled to the possession of the levee against
the city, he is not entitled to it as against one claiming under
the city; that all objections to the validity of the franchise
or franchises granted to the predecessors in interest of the
defendants must be made in direct proceedings instituted
by the attorney-general in the name of the state; that the

track in question is a part of the railroad system of defendants, and has been since its construction in 1869; that it joins the main line of the Central Pacific Company running to Ogden and the main line of the Western Pacific Railroad Company running from Brighton to San Jose and San Francisco; that the track has been used for such general railroad purposes as were necessary or requisite; that large sums of money have been expended in broadening and preserving the levee, and in improving the track, and that plaintiff and his predecessors, having permitted this construction and these improvements and the maintenance thereof for thirty years, plaintiff is precluded from interfering with the possession of the defendants, and, if injured at all, must seek relief in an action for damages.

This sufficiently outlines the main points of controversy between the parties. Upon some of them the probative facts are not in dispute, since they rest wholly upon uncontradicted records, but the ultimate facts—that is to say, the proper conclusions to be drawn from these undisputed probative facts—are the subject of keen controversy. The court upon all of these matters of defense, and upon all of these separate claims of title and interest, made the single brief but comprehensive finding that the defendant companies "have not, nor has either of them, at any time had any right, title, estate, or interest of, in, or to any part of the land described in said amended complaint, nor have they or either of them at any time had any easement of a right of way for a railroad over any part of said land, and the several adverse claims of the said corporation defendants set out in their several answers filed in this case are and each of them is invalid." It seems highly probable that upon argument of the motion for a new trial the court's views, as expressed in this finding, were materially modified. Certain it is that the evidence showed a long-continued use by the defendants, and that it was at least conflicting as to whether that use was under assertion of right, and therefore adverse and prescriptive in its nature, or was in subordination to the asserted right of plaintiff and his predecessors. The evidence also showed the expenditure of large sums of money by the company with the knowledge and acquiescence of plaintiff and his predecessors, and yet the court failed to find upon

the plea of estoppel. There is further conflict in the evidence as to the construction of the railroad track, plaintiff claiming that it was constructed for the beet-sugar factory of the prior owners of the land, defendants insisting that it was a part of their main line from the Missouri River to the Pacific Ocean. There thus appears to have been sufficient conflict to have justified the order of the court granting a new trial, and this without a consideration of the propositions advanced upon the appeal from the judgment, since they will only properly come before this court when the trial court has finally expressed its views, as they may be modified by the result of the new trial which it has ordered.

The order granting a new trial is therefore affirmed. It becomes unnecessary to consider the appeals from the judgment.

McFarland, J., Lorigan, J., Shaw, J., Van Dyke, J., and Angellotti, concurred.

Rehearing denied.